Sinsel v Gardner (2023 NY Slip Op 02406)

Sinsel v Gardner

2023 NY Slip Op 02406

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

45 CA 21-01785

[*1]MICHAEL SINSEL, JR., PLAINTIFF-APPELLANT,
v
THOMAS GARDNER, JR., DEFENDANT-RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PERSONIUS MELBER LLP, BUFFALO (SCOTT R. HAPEMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered November 12, 2021. The order, among other things, granted the motion of defendant to strike from the complaint certain language used to denote defendant and sealed the complaint filed August 3, 2021. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In this action pursuant to the Child Victims Act (CVA), plaintiff appeals from an order that, inter alia, granted defendant's motion seeking, pursuant to CPLR 3024 (b), to strike certain language used to denote defendant in the complaint and seeking to seal the complaint.
Initially, we note that, although no appeal lies as of right from an order granting or denying a motion to strike scandalous or prejudicial matter from a pleading (see CPLR 5701 [b] [3]), Supreme Court granted plaintiff leave to appeal from that part of its determination (see CPLR 5701 [c]; see generally Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 98 [2d Dept 2021]). With respect to the merits, we conclude, for the reasons stated in LG 101 Doe v Wos (— AD3d — [May 5, 2023] [4th Dept 2023]), that the court did not abuse its discretion in granting that part of the motion seeking to strike language from the complaint.
We further conclude, however, that the court erred in granting that part of the motion seeking to seal the complaint without making "a written finding of good cause, . . . specify[ing] the grounds thereof," as required by 22 NYCRR 216.1 (a) (see City of Buffalo City Sch. Dist. v LPCiminelli, Inc., 159 AD3d 1468, 1471-1472 [4th Dept 2018]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine whether good cause exists to seal the complaint.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court